## SANDERS VS. WARD.

After the dissolution of a partnership, the maker of a note, upon which the firm name was endorsed, paid to one of the late partners the amount of the note, for which he executed an instrument in writing, in the firm name, acknowledging the receipt of the money, and promising to apply it to the payment of the note: he did not so apply it, but applied it to the payment of other debts of the firm: *Held*, that the other partner was not liable for the money so received and misapplied— was totally unaffected by the instrument so executed.

*Appeal from Pulaski Cicuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

GARLAND & RANDOLPH, for appellant.

Admitting that the partnership had been dissolved, Parker, as a member of the late firm, had a right to collect the amount of the note from the appellant. *Story on Part. sec.* 328. And the fact that he misapplied the amount received would not affect the validity of the payment made to him by the appellant. *Major vs. Hawks*, 12, *Ill. Rep.* 298. And as the money was in fact applied to the payment of the debts of the firm of M. Parker & Co., for which the appellee was liable, there can scarcely be a doubt of the right of action in this case.

WILLIAMS & MARTN, for the appellee.

After the dissolution of a partnership one of the partners had not a right to execute a note in the name of the firm so as to bind the other partner even for a pre-existing debt of the firm without special authority. *Burr vs. Williams*, 20 *Ark.* 171. To bind the retiring partner at all, the transaction must be

16

within the scope of the partnership business. *Story on Part.* sec. 334, *page* 505.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Prior to August 1857, the defendant, Ward, and Parker, were engaged as partners in the carriage business in Memphis, but about the 22d of that month, the partnership was dissolved by the withdrawal of Ward from the partnership. He advertised the dissolution of the firm, did not thereafter go about the shop, soon left Memphis for Little Rock in pursuit of a location for business, and established himself in the latter place. Parker continued business at the old stand of M. Parker & Co., which was the style of the old firm, but under another name, and in another association.

M. Parker & Co., had endorsed a note of Sanders, the plaintiff, to Hunt, which was payable in the Union Bank, and to provide for the payment of the note, Sanders, on the 20th of October, 1857, handed to Parker the sum mentioned in the note, but as it was not in bankable funds, Sanders gave Parker the privilege of using the money, and paying the note after the delay that would attend its legal collection, which Parker and Sanders seemed to understand would be eight months. To witness the receipt of the money, Parker executed and delivered to Sanders the writing, as follows:

"Received of Theo. Sanders, one hundred and ten dol. which I am to apply to the payment of a note against sd. Sanders, Parker & Co., payable in the Union Bank, the 20th inst., this 2d Oct. 1857.

M. PARKER & Co."

On this writing, this suit in the Pulaski Circuit Court was brought against Ward. He denied the execution of the writing under oath, and upon the trial it was proved to have been executed, as has been stated, by Parker, and was proved by his testimony.

Parker deposed that the partnership so far as concerned the business of M. Parker & Co., in the shop matters, and business

pertaining to the carriage department, was dissolved in August 1857, but that, in all other matters, he considered the co-partnership existing; and this existence must refer to the date of the receipt. But Parker did not disclose to what other matters and business than that pertaining to the shop and to the carriage department, the partnership extended, neither did he give any information about the terms of the dissolution. He of course, knew all about these facts, and to have cleared his conscience in giving the whole truth, as he must have been sworn to do, his attention should have been directed to the facts which would have tested the correctness of his considering that the partnership in a restricted business extended to other unenumerated matters, and after Ward had left the business; or, without any direction, he should have given his testimony upon the matters that Ward proved as facts by his witnesses. This proof was that Parker, by the terms of the dissolution, was to pay all the liabilities of M. Parker & Co., and that the partnership business of M. Parker & Co., did not extend to any thing but the carriage business, and that it was fully dissolved in August 1857.

On this state of facts there is no proof and no presumption against Ward, that he ever was liable on the endorsement of the note of Sanders to Hunt, that note being given for house rent, and not being presumed to be within the scope of carriage business to endorse paper for the accommodation of hirers of houses. But aside from this, Parker had no right, after the dissolution of the firm of M. Parker & Co., to bind Ward by any new contract, though it had been made to settle the business, or provide for the debts of the firm. Ward would not have been liable to this action, though Parker had borrowed, or had received the money expressed in the receipt to pay the debts of M. Parker & Co.

Sanders was not a dealer with M. Parker & Co., and was bound to take notice of the dissolution of the firm; he had no claim to personal notice of the fact. In every aspect of this case, Ward stands unaffected by Parker's execution of the writ-

ing, upon which this suit is brought. *Burr vs. Williams*, 20 *Ark.* 186. Sanders was not a creditor of the firm while it was in existence. Parker could not make him so by signing the receipt with the name of the firm. Parker's application of the money to the payment of a debt of M. Parker & Co., in the circuitous mode detailed by him, did not make Ward liable to Sanders.

The only legitimate point of the case is thus disposed of, and to affirm the judgment of the Circuit Court, which we do, it is needless to trace the meanderings of the suit through the labyrinth of replications, rejoinders, demurrers to them, and legal propositions to the court, that seem to refer to the subject of Ward's responsibility to Sanders.